## MOSES F. PEASLEE vs. JOHN D. ROBBINS.

Where the mental incapacity of the payee of a note, at the time he indorsed it, is relied on as a defence to an action by the indorsee against the maker, evidence is admissible to prove his incapacity when the note was given to him.

In a suit by the holder of a note indorsed in blank by the payee, the legal presumption is, that the plaintiff purchased it immediately of the payee.

ASSUMPSIT on a promissory note made by the defendant to Benjamin Parker or order, and by him indorsed in blank.

At the trial in the court of common pleas, before *Strong*, J. the defendant introduced evidence tending to prove that Parker, when he indorsed the note, had not sufficient mental capacity to make a valid transfer thereof. Evidence was given as to his incapacity at the time when the note was made to him, as well as after, and tended to prove that he was not competent to make a contract, either at that time or since. The plaintiff objected to the introduction of evidence as to Parker's incompetency to contract when he received the note ; but the objection was overruled.

The defendant gave evidence that Parker was put under guardianship, as an insane person, on the 20th of November 1838, and also evidence tending to show that the note was indorsed by him after that time. A witness testified, that the plaintiff told him, about the 1st of March 1840, that he purchased the note about three months before : And the jury were instructed that this testimony, if believed by them, raised a presumption that the plaintiff purchased the note immediately of Parker ; but that such presumption might be controlled by the other evidence in the case.

The jury found a verdict for the defendant, and the plaintiff alleged exceptions to the ruling and instructions of the judge

*L. Williams & G. Parker*, for the plaintiff.

*Farley*, for the defendant.

WILDE, J. It is quite clear, we think, that the evidence, to which the defendant objected at the trial in the court below, was material to the issue and rightly admitted ; and that the instructions to the jury were correct.

The plaintiff is bound to show a legal transfer of the note, by proof of the handwriting of the indorser; and it follows as a necessary consequence, that the defendant must be allowed to impeach the plaintiff's title to the note, by showing that the indorsement was void. Evidence therefore of the indorser's mental incapacity to make a valid contract, at the time he indorsed the note, was material evidence; and not the less material because the same incapacity existed when the note was signed All the evidence of the indorser's incapacity, before and after the indorsement, was properly submitted to the jury, to enable them to decide correctly on the question of his incapacity, at the time of the indorsement.

Then as to the instructions to the jury, it is objected, that there was no evidence authorizing the presumption that the plaintiff purchased the note immediately of Parker, the note being indorsed in blank. But the plaintiff could not maintain his action without filling up the blank with an order making the note payable to himself; and if he declared on the note, he must have averred that Parker ordered it to be paid accordingly. There was, therefore, *primâ facie* evidence that the note was so transferred. If it were material, the defendant might have disproved the fact, by calling the person of whom he purchased the note, as a witness; and so it was held by the court at the trial; the jury having been instructed, that the presumptive evidence of the transfer was not conclusive.

*Exceptions overruled.*